**United States Bankruptcy Court**
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey  08101

**JUDITH H. WIZMUR**                                                                 (856) 757-5126
Chief, U.S. Bankruptcy Judge

December 1, 2008

S. Daniel Hutchinson, Esq.
135 North Broad Street
Woodbury, New Jersey  08096

Brian O. Phillips, Esq.
Penglase & Benson
50 East Court Street
P.O. Box 327
Doylestown, PA  19801

> **FILED**
> JAMES J. WALDRON, CLERK
>
> December 1, 2008
>
> U.S. BANKRUPTCY COURT
> CAMDEN, N.J.
> BY: Theresa O'Brien, Judicial
> Assistant to Chief Judge Wizmur

      RE:   William Rogers
              Case No. 08-17744
              Adver. No. 08-1964
              **LETTER OPINION**

Dear Counsel:

     In this adversary proceeding, the defendant has moved to dismiss the adversary complaint. Because the plaintiff has no standing to assert this claim against the defendant, the motion is granted.

     The debtor, William Rogers, filed a Chapter 7 case on April 28, 2008. The debtor was the Agent and Managing Member of Innovative Mortgage Solutions, LLC, and President and CEO of the related entity known as TodaysLender.com. The two entities operated as one, and closed their doors several months before the debtor filed his Chapter 7 petition.

     The plaintiff here, Casey Lynne Brinkert, filed suit on November 29, 2006, in New Jersey Superior Court against TodaysLender.com and Innovative Mortgage Solutions, LLC, contending that the two entities breached her

employment contract. Service could not be affected upon the two entities for many months, because the companies had shut down operations at their registered address. Service was accomplished on April 14, 2008, by mailing the complaint to the Registered Agent of the companies, defendant William Rogers, at his home address. Thereafter, judgment was entered in state court against the two companies in the amount of $55,780.45, plus interest.

On July 25, 2008, the plaintiff filed this adversary proceeding against the debtor-defendant, seeking to deny the debtor a discharge for failing to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities, under 11 U.S.C. § 727(a)(5). In lieu of an answer, the defendant filed a motion to dismiss on the ground that the New Jersey Entire Controversy Rule bars any claim against the debtor by the plaintiff, since the plaintiff had not named the debtor in his individual capacity in the state court litigation against the two named companies. When the motion came on to be heard on September 15, 2008, plaintiff's counsel argued that the plaintiff has standing as a creditor against the debtor because he believed that there was no real distinction between the individual and the various corporate entities.[1] I determined to offer the plaintiff a 60-day opportunity to conduct discovery regarding the plaintiff's opportunity to assert an individual claim against the debtor. Information was exchanged, and a supplemental brief in opposition to defendant's motion to dismiss was filed.

Neither the original nor the plaintiff's supplemental submission is sufficient to establish plaintiff's standing as a creditor against the individual debtor in this circumstance. The plaintiff has established that the debtor is and was the Registered Agent for the two companies, that the two companies shut

---

[1] Section 727(c)(1) affords standing to the trustee, a creditor and the United States trustee to object to the debtor's discharge.

down operations several months before the debtor filed his Chapter 7 bankruptcy case, and that the debtor was the agent and managing member of Innovative Mortgage Solutions, LLC and President and CEO of TodaysLender.com. He contends that the debtor's actions "were responsible for the breach of contract between Plaintiff and Defendants Innovative Mortgage Solutions, LLC and TodaysLender.com, averred in Plaintiff's civil complaint." Plaintiff's Supplemental Brief at 3. These allegations are not sufficient to impose individual liability upon the debtor herein.

As I discussed at the last hearing, every act of a limited liability company or a corporation is accomplished through the actions of its principal. While the plaintiff is certainly correct that the corporate veil cannot be used to defeat the ends of justice, to perpetrate fraud, to accomplish a crime, or otherwise to evade the law, In re G-I Holdings, Inc., 380 F.Supp. 2d 469, 477 (D.N.J. 2005), all that is alleged here is a breach of contract by the named companies in failing to meet a monetary obligation to the plaintiff. No fraud, crime, or evasion has been alleged. Nor has there been alleged a co-mingling of identities between the individual debtor and the corporate entities that would allow the corporate veil to be pierced. No valid legal theory has been advanced to impose individual liability upon the debtor in this circumstance.

Also relied upon by the plaintiff to assert that the debtor is individually liable to her for the corporate obligations of the named companies is the fact that the debtor provided information to the Chapter 7 trustee regarding the conduct of business by the named companies. Whether or not the debtor offered that material voluntarily, or was requested by the Chapter 7 trustee to provide the information, the fact that the information was provided is of no moment to advance the plaintiff's cause here. No doubt, the Chapter 7 trustee needed to have a full understanding of the debtor's business enterprises prior to

his filing in order to administer the individual debtor's bankruptcy case. The provision of information to the Chapter 7 trustee does not obviate the corporate protections still in place to protect the debtor from individual liability for the debts of the corporate entities he managed.

On the ground that the plaintiff, Casey Lynne Brinkert, has not presented a valid and sustainable justification for her assertion of creditor standing, the defendant's motion to dismiss this adversary proceeding is granted.

Very truly yours,

/s/ Judy

JUDITH H. WIZMUR
CHIEF JUDGE
U.S. BANKRUPTCY COURT

JHW:tob